**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADAM S. LOVINGER, ) | |
| 4700 Langdrum Lane ) | |
| Chevy Chase, MD 20815, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | |
| ) | |
| U.S. DEPARTMENT OF DEFENSE, ) | |
| 1400 Defense Pentagon ) | |
| Washington, DC 20301, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

Plaintiff Adam S. Lovinger brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") and the Privacy Act, 5 U.S.C. § 552a ("Privacy Act"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Adam S. Lovinger is an individual residing at 4700 Langdrum Lane, Chevy Chase, Maryland 20815.

4. Defendant U.S. Department of Defense ("DoD" or "Defendant") is an agency of the United States government. DoD has possession, custody, and control of records to which Plaintiff seeks access. DoD is headquartered at 1400 Defense Pentagon, Washington, DC 20301.

## STATEMENT OF FACTS

5. Plaintiff is a civilian employee of Defendant who served as a senior director on the White House National Security Council ("NSC") from January to May 2017. Before his work on the NSC, Plaintiff was a strategic affairs analyst in the Office of Net Assessment at the Pentagon, where he specialized in issues related to U.S.-India relations, the Persian Gulf, and sub-Saharan Africa. Plaintiff also is an attorney and an adjunct professor at Georgetown University's Walsh School of Foreign Service and McCort School of Public Policy.

6. Before departing the Pentagon for the NSC, Plaintiff raised concerns about the possible misuse of contractors and waste of taxpayer resources at DoD. Months after Plaintiff raised these issues, DoD suspended his security clearance and his detail to the NSC was cancelled.

7. In September 2017, Plaintiff filed a whistleblower reprisal complaint against Edward Fish, Adjudications Directorate Chief of DoD's Consolidated Adjudications Facility ("CAF"), and two of Fish's superiors. CAF determines the security clearance eligibility of non-intelligence DoD personnel occupying sensitive positions and/or requiring access to classified material including Sensitive Compartmented information.

8. On December 15, 2017, Plaintiff submitted a Privacy Act request to CAF, a component of Defendant, seeking:

> Any and all emails or similar electronic messaging transmissions referencing the word "Lovinger;" whether in the title or body of said communications(s); between May 1, 2017 and present; to, from, or copied to the following individuals:

      A.    Mr. Edward Fish, Director DoD CAF
      B.    Mr. Daniel Purtill, Deputy Director DoD CAF
      C.    Mr. Ronald Freels, Adjudications Directorate Chief.

9. By letter dated March 26, 2018, Defendant provided Plaintiff with a final determination. Defendant's determination treated Plaintiff's request as both a Privacy Act Request and a FOIA request.

10. In the determination, Defendant informed Plaintiff it had located 75 pages of records responsive to Plaintiff's request but was withholding all 75 pages in their entirety pursuant to both FOIA and Privacy Act exemptions. Defendant also informed Plaintiff that Fish, the individual against whom Plaintiff had filed a whistleblower complaint, had been the Initial Denial Authority who determined that the 75 pages should be withheld. Fish was on written notice of Plaintiff's whistleblower complaint against him when he withheld the records.

11. Defendant's determination advised Plaintiff that he could appeal the determination under FOIA to the appellate authority.

12. By letter dated April 2, 2018, Plaintiff administratively appealed Defendant's FOIA determination.

13. As of the date of this Complaint, Defendant has failed to issue a determination with respect to Plaintiff's administrative appeal concerning Defendant's FOIA determination.

14. Defendant also has refused to comply with Plaintiff's Privacy Act request.

## COUNT 1
**(Violation of FOIA, 5 U.S.C. § 552)**

15. Plaintiff realleges paragraphs 1 through 14 as if fully stated herein.

16. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

17. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a determination with respect to Plaintiff's administrative appeal within the time limits set by FOIA.  Accordingly, Defendant's determination was due by April 30, 2018.

18. Because Defendant failed to make a determination, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(ii).

## COUNT 2
### (Violation of Privacy Act, 5 U.S.C. § 552a)

19. Plaintiff realleges paragraphs 1 through 18 as if fully stated herein.

20. Defendant is unreasonably refusing to comply with Plaintiff's Privacy Act request.

21. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 15, 2018                                    Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716

/s/ Michael Bekesha
Michael Bekesha
D.C. Bar No. 995749
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*